Michele Anderson-West (9249)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Office: 801.758.7604
Direct: 801.893.3594
Fax: 801.893.3573
Email: michele@stavroslaw.com

**UNITED STATES COURT DISTRICT OF UTAH
CENTRAL DIVISION, STATE OF UTAH**

| | |
|---|---|
| LEAH CLUFF, an individual, | **COMPLAINT AND JURY DEMAND** |
| Plaintiff, | |
| vs. | |
| SPORTSMAN'S WAREHOUSE, INC., a Utah corporation, SPORTSMAN'S WAREHOUSE DEVELOPMENT I, LLC, a foreign corporation, and SPORTSMAN'S WAREHOUSE HOLDINGS, INC., a foreign corporation. | Case No. 2:22-cv-00427  Honorable Judge Jill N. Parrish |
| Defendants. | |

Plaintiff Leah Cluff, by and through undersigned counsel, hereby submits this Complaint and Jury Demand against Defendants Sportsman's Warehouse, Inc., Sportsman's Warehouse Development I, LLC and Sportsman's Warehouse Holdings, Inc. (collectively "Defendants") jointly and severally, as follows:

**INTRODUCTION**

This is a proceeding to redress unlawful employment practices committed by Defendants on the basis of interfering with and retaliating against Plaintiff for taking medical leave in

violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and to obtain appropriate relief for Plaintiff.

## PARTIES

1. Plaintiff is an individual who resides in Salt Lake County, Utah.

2. Defendant Sportsman's Warehouse, Inc. is a Utah corporation headquartered in Salt Lake County, Utah and had more than fifty (50) employees during all relevant times herein.

3. Defendant Sportsman's Warehouse Development I, LLC is a Delaware corporation doing business in Salt Lake County, Utah and had more than fifty (50) employees during all relevant times herein.

4. Defendant Sportsman's Warehouse Holdings, Inc. is a Delaware corporation doing business in Salt Lake County, Utah and had more than fifty (50) employees during all relevant times herein.

5. At all relevant times, Defendants were Plaintiff's employers as defined by the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq.

6. At all times relevant herein, Defendants acted through and by agents, employees, managers, representatives and supervisors who acted for and on behalf of Defendants.

## JURISDICTION AND VENUE

7. This action is brought pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* for unlawful interference and retaliation under 29 U.S.C. § 2601 *et seq.*

8. Subject matter jurisdiction is proper in this Court pursuant to Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq.

9. The Court has pendant jurisdiction over the state and common law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391, as the unlawful employment interference and retaliation giving rise to Plaintiff's claims were committed within the jurisdiction of this Court.

11. Plaintiff's causes of action arose at the latest on or about November 29, 2021, in Salt Lake County, Utah.

**FACTUAL ALLEGATIONS**

12. On or around June 9, 2020, Plaintiff began working for Defendants as an email customer support specialist.

13. Plaintiff reported directly to Jason Stewart.

14. In or around April 2021, Plaintiff was promoted to Customer Service Scheduling Lead based on her performance and dedication.

15. When Plaintiff began her employment, she was assigned to work from home due to the COVID-19 pandemic.

16. In or around late spring Plaintiff began transitioning back into the office.

17. Immediately upon returning to the office, Dalton Milewski, a co-worker, began making comments regarding Plaintiff's attire and physical appearance that made her uncomfortable.

18. In or around early June 2021, Mr. Milewski, became more aggressive in his comments and behaviors toward Plaintiff that included numerous comments such as "your outfit gives me a boner." Mr. Milewski would also make hand gestures directed at Plaintiff as if he

were engaged in sexual activities with her, including gestures that simulate penetration and self-pleasure.

19. In or around early June 2021, Plaintiff reported these egregious and outrageous behaviors to Mr. Stewart. Mr. Stewart assured Plaintiff that Mr. Milewski's conduct would be addressed.

20. Despite Plaintiff's reports, Defendants failed to discipline Mr. Milewski or take any action to address Plaintiff's reports because Mr. Milewski denied the allegations. Defendants took no further actions to investigate the matter.

21. When Plaintiff reported Mr. Milewski's inappropriate behaviors, she informed Defendants that she was particularly affected by Mr. Milewski's sexual harassment because she was a victim of prolonged sexual abuse in her childhood. Due to the sexual abuse, Plaintiff had been diagnosed with complex post-traumatic stress disorder ("PTSD"), major anxiety disorder, and major depressive disorder.

22. Plaintiff further explained that Defendants' lack of response regarding Mr. Milewski's sexual harassment was aggravating her PTSD, anxiety, and depression.

23. In or around July 2021 through September 2021, Plaintiff was subject to hostile and harassing behaviors and comments from another co-worker, Tim (last name unknown), regarding his preferred scheduling and special favors he expected Plaintiff to bestow upon him.

24. Tim (last name unknown) stalked Plaintiff around the office, including on her breaks, aggressively attacked her verbally when his schedule was not set to his preferences, and even physically grabbed Plaintiff's chair to turn it, forcing her to face him directly while he complained about how Plaintiff failed to fulfill her job duties.

25. Between July and September 2021, Plaintiff reported Tim's harassing, hostile, and volatile interactions Mr. Stewart. As part of her complaints and reports, Plaintiff explained that her PTSD, anxiety, and depression that were already aggravated by the sexual harassment she had experienced at work and were further worsening due to the continuous harassment she faced on a daily basis from Tim (last name unknown). Plaintiff explained that the symptoms had increased to a point where she was suffering from suicidal ideations.

26. Mr. Stewart responded to Plaintiff's complaints by telling her that she was ***oversensitive*** and that ***she did not understand her job duties***.

27. Each time Plaintiff complained about Tim's (last name unknown) actions and her desire to limit her interactions with him due to the aggravation of her PTSD, anxiety, and depression, Mr. Stewart dismissed Plaintiff's complaints and requests, emphasizing repeatedly that Plaintiff was oversensitive and that the issue was her communication skills.

28. Between September 19, 2021 and September 30, 2021, Plaintiff's medical conditions deteriorated to the point that she attempted to take her own life on multiple occasions.

29. On September 30, 2021, Plaintiff made a final attempt to take her own life by driving off a cliff resulting in a broken spine and an extended hospital stay.

30. On September 30, 2021, upon learning about Plaintiff's suicide attempt, Defendant immediately placed her on emergency FMLA leave.

31. On or about November 12, 2021, only six weeks after Plaintiff started FMLA leave, Defendant requested a medical certification in conjunction with Plaintiff's FMLA leave, indicating that Plaintiff's FMLA leave was nearing the end of the twelve (12) weeks of protected leave.

32.     On or about November 15, 2021, Plaintiff provided Defendants with a medical note excusing her from work through December 31, 2021, due to her need to recover from a spinal fusion surgery.

33.     On or about November 15, 2021, Defendants requested additional medical certification after determining that Plaintiff's doctor's note was insufficient for the requested medical certification.

34.     On or about November 19, 2021, Plaintiff responded to Defendants explaining that she was attempting to schedule a doctor's appointment to complete the requested medical certification. Scheduling a doctor's appointment at that time was difficult as Plaintiff was unable to drive due to the spinal fusion and because of the approaching Thanksgiving holiday when her doctor's office would be closed.

35.     On or about November 22, 2021, Defendants told Plaintiff , that she had a fifteen (15) day deadline to file the requested medical certification, thereby making the deadline to submit the medical certification due five days later-November 27, 2021. This was the first time Defendants informed Plaintiff that she was under a deadline to complete the medical certification.

36.     Plaintiff provided Defendants with a doctor's note stating she could not return to work until December 31, 2021 but was unable to secure an appointment with her doctor to complete the medical certification until November 29, 2021.

37.     Defendants knew that Plaintiff was seeking medical appointments to complete the medical certification and further knew of Plaintiff's suicide attempt which prompted the FMLA.

38. On or about November 29, 2021, despite having knowledge that Plaintiff was attempting to complete the medical certification, Defendants terminated Plaintiff's employment claiming that she did not return from FMLA leave.

39. On or about November 29, 2021, the date of Plaintiff's termination, Plaintiff had only exhausted eight (8) of the twelve (12) weeks of protected leave provided her under the FMLA.

40. Defendants willfully and maliciously interfered with and retaliated against Plaintiff for exercising her federally protected rights to twelve (12) weeks of medical leave under the FMLA.

41. Defendants owed Plaintiff a duty that Defendants could have reasonably expected, consistent with the practical realities of an employer-employee relationship, to appreciate the threat of the continued harassment and discrimination of Plaintiff and to act to minimize or protect Plaintiff against the continued harassment and discrimination.

42. Defendants breached the duties owed to Plaintiff, by and through its agents/employees who were acting within the course and scope of their employment, failed to adequately supervise and/or retain Dalton Milewski, Tim (last name unknown), and Mr. Stewart to prevent the continued harassment and discrimination of Plaintiff.

43. As a direct and proximate cause of Defendants' breach, Plaintiff suffered damages, including, but no limited to, termination.

**FIRST CAUSE OF ACTION**
*Unlawful Employment Practices – Interference- in Violation of FMLA 29 U.S.C. § 2601 et seq and CFR §825.100 et seq.*

44. Plaintiff realleges all preceding paragraphs as if stated full herein.

45. Defendants are employers with more than fifty (50) employees.

46. Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2611(1), in that she had been employed by Defendants for over twelve (12) months at the time she was placed on medical leave pursuant to the FMLA.

47. Plaintiff worked in excess of 1,250 hours for Defendants during the twelve-month period immediately preceding her FMLA request.

48. Plaintiff was granted FMLA leave through Defendants' human resources department.

49. Defendants willfully interfered with Plaintiff's FMLA leave by terminating her employment for failure to return from leave when Plaintiff was entitled to at least four additional weeks of leave under the FMLA.

50. Defendants' unlawful conduct, as set forth above, was willful and wanton, and/or was done with malice or in reckless disregard for Plaintiff's rights under the FMLA.

51. Defendants' unlawful conduct, as set forth above, was not in good faith and Defendants are without reasonable grounds to believe this conduct did not violate the FMLA.

52. Defendants' unlawful conduct, as set forth above, was the proximate cause of the economic and non-economic injuries suffered by Plaintiff.

53. Plaintiff is entitled to liquidated damages including back pay, interest, and attorney's fees.

54. Because of the willful violation of the FMLA, Plaintiff is entitled to compensatory damages and penalties as set forth in the act, including interest, costs, and statutory damages.

## SECOND CAUSE OF ACTION
*Unlawful Employment Practices – Retaliation- in Violation of FMLA 29 U.S.C. § 2601 et seq and CFR §825.100 et seq.*

55. Plaintiff realleges all preceding paragraphs as if stated full herein.

56. Plaintiff qualified for and properly used her FMLA leave.

57. Defendants terminated Plaintiff for exercising her rights pursuant to the FMLA.

58. Defendants' termination was in retaliation for exercising her rights under the FMLA to take medical leave.

59. Defendants' unlawful conduct, as set forth above, was willful and wanton, and/or was done with malice or in reckless disregard for Plaintiff's rights under the FMLA.

60. Defendants' unlawful conduct, as set forth above, was not in good faith and Defendants are without reasonable grounds for believing that this conduct was not a violation of the FMLA.

61. Defendants' unlawful conduct, as set forth above, was the proximate cause of the economic and non-economic injuries suffered by Plaintiff.

62. Plaintiff is entitled to liquidated damages including back pay, interest, and attorney's fees.

63. Because of the willful violation of the FMLA, Plaintiff is entitled to compensatory damages and penalties as set forth in the act, including attorneys' fees, interest, costs, and statutory damages.

## THIRD CAUSE OF ACTION
*Negligent Supervision and Retention*

64. Plaintiff realleges all preceding paragraphs as if stated fully herein.

65. Defendants owed a duty to Plaintiff as Defendant could have reasonably expected, consistent with the practical realities of an employer-employee relationship, to appreciate the threat of Dalton Milewski, Tim (last name unknown) and Jason Stewart's continued harassment and discrimination of Plaintiff and to act to minimize or protect Plaintiff against continued harassment and discrimination.

66. Defendants breached its duty, acting by and through its agents/employees who were acting within the course and scope of their employment, when it failed to adequately supervise and/or retain Dalton Milewski, Tim (last name unknown) and Jason Stewart to prevent the continued harassment and discrimination of Plaintiff by Dalton Milewski, Tim (last name unknown) and Jason Stewart.

67. As a direct and proximate cause of Defendants' breach, Plaintiff suffered damages, including, but not limited to, termination, loss of future employment, loss of benefits, lost wages, medical expenses, severe emotional distress, pain and suffering, and humiliation, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
*Intentional Infliction of Emotional Distress*

68. Plaintiff realleges all preceding paragraphs as if stated fully herein.

69. Defendants, acting by and through its agents and/or employees, intentionally or recklessly engaged in, or permitted, intolerable and outrageous unlawful harassment, discrimination, and retaliation.

70. Defendants intentionally acted to harass Plaintiff by taking any and all actions within its ability to harass, discriminate, and retaliate against Plaintiff, and to terminate her employment.

71. Defendants' actions were undertaken for the express purpose of inflicting emotional distress upon Plaintiff and placing an undue hardship upon Plaintiff.

72. Defendants' actions did, in fact, cause Plaintiff severe emotional distress.

73. As a direct and proximate consequence of these violations by Defendants, Plaintiff suffered severe emotional distress and have been damaged and will continue to be damaged for which Defendants are liable, including, but limited to, Plaintiff's lost compensation, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
*Negligent Infliction of Emotional Distress*

74. Plaintiff realleges all preceding paragraphs as if stated fully herein.

75. Defendants owed a duty of care to Plaintiff to refrain from and protecting her from employees making harassing and/or discriminatory comments, to refrain from engaging in harassing and/or discriminatory behaviors and actions, and to refrain from creating an unreasonable risk of causing serve emotional harm to Plaintiff.

76. Defendants, in engaging in harassing, discriminatory, and retaliatory behavior, and terminating Plaintiff after she complained of such, acted with reckless disregard to the probability of causing Plaintiff's emotional distress.

77. Defendants, in engaging in harassing, discriminatory, and retaliatory behavior, and terminating Plaintiff after she complained of such, breached the duty of care it owed Plaintiff.

78. As a direct and proximate result of Defendants' actions, Plaintiff suffered severe emotional harm, including depression, anxiety, feelings of worthlessness, and other emotional harms to be proven at trial.

## SIXTH CAUSE OF ACTION
*Breach of the Implied Covenant of Good Faith and Fair Dealing*

79. Plaintiff realleges all preceding paragraphs as if stated fully herein.

80. Every employment relationship in Utah contains an implied covenant of good faith and fair dealing.

81. After Plaintiff complained of unwanted harassment and discrimination, and exercised her rights under the FMLA, Plaintiff was abruptly terminated.

82. Defendants' actions were done in bad faith and constitute a breach of the implied covenant of good faith and fair dealing.

## REQUEST FOR JURY TRIAL

Plaintiff requests that this matter be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, as a result of the foregoing allegations and causes of actions, Plaintiff is entitled to judgement, as follows:

a. For an award of compensatory damages, both special and general damages suffered, which will be shown at the time of trial;

b. For an award of liquidated damages for Defendants' willful violation of the Family and Medical Leave Act;

c. For an award of damages for Plaintiff's emotional distress resulting from Defendants' violation of the Family and Medical Leave Act;

d.        For all attorneys' fees and costs, including expert witnesses;

e.        For an award of pre and post judgment interest; and

f.        For such other and further relief as the Court deems just, equitable, and proper.

DATED this 27th day of June 2022.

                                                    */s/ Michele Anderson-West*
                                                    Michele Anderson-West
                                                    STAVROS LAW P.C.
                                                    *Attorney for Plaintiff*