IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **LEAH CLUFF**,<br><br>Plaintiff,<br><br>v.<br><br>**SPORTSMAN'S WAREHOUSE, INC.**, **JASON STEWART**, and **MADELYN GORDON**,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:22-CV-00427-JNP-DBP<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Dustin Pead |

Plaintiff seeks leave to amend her complaint to dismiss two Defendants and two claims; amend her intentional infliction of emotion distress ("IIED"), negligent infliction of emotional distress ("NIED"), and Family and Medical Leave Act ("FMLA") claims; add a negligence claim and Americans with Disabilities Act ("ADA") claims; and name two additional Defendants. ECF Nos. 21, 21-2. Defendant Sportsman's Warehouse Inc. ("Sportsman's") had previously filed a motion to dismiss Plaintiff's original complaint. ECF No. 17. Plaintiff's motion for leave to amend is granted in part and denied in part. Sportsman's motion to dismiss is denied as moot.

**BACKGROUND**[1]

Around June 9, 2020, Plaintiff Leah Cluff began working for Sportsman's. ECF No. 21-2 ¶¶ 1-3, 29. Jason Stewart was Plaintiff's supervisor and had authority to hire, fire, promote, and

---

[1] In deciding the parties' motions for leave to amend and to dismiss, the court recites the facts as alleged in the complaint with no "findings of facts as to such allegations." *See Martineau v. Currutt*, No. 1:21-cv-00045-JNP-DBP, 2022 U.S. Dist. LEXIS 11357, at *2 n.2 (D. Utah Jan. 19, 2022) (citation omitted).

discipline Sportsman's employees, including Plaintiff. *Id.* ¶¶ 5-6. Madelyn Gordon worked as Sportsman's Benefit Specialist and was Plaintiff's contact for requesting medical leave. *Id.* ¶ 7-8.

Plaintiff disclosed diagnoses of depression, anxiety, and PTSD to Sportsman's. *Id.* ¶ 30. She worked remotely until she was promoted and directed to work in person in April of 2021. *Id.* ¶¶ 32, 35-38. She sought disability accommodations to continue working remotely but her request was denied without discussion. *Id.* ¶¶ 34, 37-39. While working at Sportsman's call center, Plaintiff was sexually harassed, and she reported this to Stewart. *Id.* ¶¶ 42-44. Stewart did not investigate or direct her complaint to HR. *Id.* ¶¶ 45-47. Following this incident, Plaintiff asked again for accommodation to work remotely and was summarily denied. *Id.* ¶¶ 48-49. Plaintiff took personal leave. When she returned to work, she learned that the employee she had reported for harassment had died by suicide, and her coworkers blamed her for the employee's death. *Id.* ¶ 51-52. Plaintiff's depression increased, affecting her ability to work due to her own suicidal ideation. ¶¶ 54-56, 58-60. Her repeated requests to work remotely were flatly denied. *Id.*

On August 20, 2021, Plaintiff learned she had a possible cancer diagnosis and requested FMLA paperwork from Gordon. *Id.* ¶¶ 61-62. Gordon offered to send her FMLA forms, but Defendants did not permit her to take immediate leave and kept required documents from her. *Id.* ¶¶ 67-69. Plaintiff continued working until she called off work the week of September 12, 2021, informing Stewart she was despondent due to her mental health. *Id.* ¶¶ 70-71. During this week, Plaintiff informed Stewart that she had attempted suicide and was on active suicide watch. *Id.* ¶ 74. She told Stewart her medical providers recommended she take extended time under supervision to try to manage her mental health without hospitalization. *Id.* ¶ 75. Stewart told Plaintiff he would accommodate Plaintiff's need for personal leave but did not inform HR. *Id.* ¶¶

78-79. He merely told Plaintiff she could take the week off work but must return by September 27, 2021. *Id.* ¶ 82. She requested to return to work remotely and was denied. *Id.* ¶¶ 83-84.

When Plaintiff returned to work, a coworker physically grabbed her, harassing her and yelling obscenities at her. *Id.* ¶ 88, 91. Plaintiff reported the incident to Stewart, but he did not then report it to HR. *Id.* ¶ 94. He permitted the employee to continue working with Plaintiff, telling her she was "overly sensitive" and "did not understand her job." *Id.* ¶¶ 95-99. Plaintiff suffered a PTSD episode as a result and requested to work remotely to stabilize her mental health. *Id.* ¶ 101, 103-04. Stewart denied this request. *Id.* ¶¶ 105-06. On September 29, 2021, Plaintiff sent Stewart and Gordon her FMLA forms with a doctor's note stating she should remain away from work until the end of the year. *Id.* ¶¶ 112. In response, Gordon sent Plaintiff general FMLA-related information, but ignored Plaintiff's request for leave. *Id.* ¶ 113. Neither Stewart nor Gordon responded to Plaintiff's request or granted her leave following her doctor's recommendation. *Id.* ¶¶ 113, 116. The following day, Plaintiff called off work, drove to Little Cottonwood Canyon, and drove her car off a 50-foot cliff, intending to cause her own death. *Id.* ¶¶ 119-21.

Plaintiff survived. Spinal surgeries left her paralyzed from the waist down. *Id.* ¶¶ 122-25. She took FMLA leave during her months-long hospitalization, but Defendants rejected her doctor's note and demanded certification that she had a serious medical condition. *Id.* ¶¶ 150-55. Upon release from the hospital, Plaintiff tried to schedule a doctor's appointment, but missed Defendants' five-day deadline for medical certification due to holiday closures. *Id.* ¶¶ 155-59. Defendants fired Plaintiff halfway through her FMLA leave for failure to return to work. *Id.* ¶ 160. Plaintiff filed suit in this court on June 27, 2022. ECF No. 2.

**LEGAL STANDARD**

"The court should freely give leave" for a Plaintiff to amend her complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Rule aims to give the "opportunity for each claim to be decided on its merits." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). However, the court has discretion to deny leave to amend for reasons including futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal" for failure to state a claim. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Thus, in evaluating the futility of amendment, the court must apply the standard applicable to a Rule 12(b)(6) motion to dismiss the proposed amended complaint. *See id.* That standard requires the court to "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)). The court then evaluates whether the amended complaint "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (citations omitted).

**ANALYSIS**

    **I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT**

Plaintiff seeks leave to amend her complaint to do the following:

(1) Dismiss her claim for negligent supervision and retention;
(2) Dismiss her claim for breach of the implied covenant of good faith and fair dealing;
(3) Dismiss Sportsman's Warehouse Development I, LLC and Sportsman's Warehouse Holdings, Inc. as Defendants;
(4) Restate her FMLA interference and retaliation claims against all Defendants;
(5) Restate her IIED and NIED claims against all Defendants;
(6) Add Jason Stewart and Madelyn Gordon as Defendants;
(7) Add a negligence claim against all Defendants;
(8) Add an ADA discrimination claim against all Defendants; and
(9) Add an ADA failure to accommodate claim against all Defendants.

ECF No. 21; ECF No. 21-2. Sportsman's opposes all but the first, second, third, and sixth proposed amendments to Plaintiff's complaint on futility grounds. ECF No. 26, at 1-2. At this stage, however, neither Stewart nor Gordon has been served with any operative complaint, and counsel for Sportsman's does not represent either individual. The court therefore concludes Sportsman's is not in a position to oppose the proposed amended complaint's claims against Stewart and Gordon. Declining to credit the arguments Sportsman's attempts to raise on their behalf, the court thus grants Plaintiff leave to amend her complaint to name Stewart and Gordon as Defendants and state claims against them consistent with this Decision.

### A. The Court Grants Plaintiff Leave to Amend to Add ADA Claims

Sportsman's opposes Plaintiff's motion for leave to add ADA claims in her amended complaint. Sportsman's argues Plaintiff's ADA claims fail as a matter of law because she did not exhaust her administrative remedies and has no cause of action under the ADA to sue individual employees. Because counsel for Sportsman's is not in a position to raise the latter argument on behalf of Stewart and Gordon, the court declines to opine on that issue at this stage. Consistent with the following analysis regarding Plaintiff's exhaustion of her administrative remedies, the court grants Plaintiff leave to bring ADA claims in her amended complaint.

Plaintiff's amended complaint adds ADA claims alleging that Defendants failed to accommodate her disability and discriminated against her based on that disability. ECF No. 21-2, at 18-21. The ADA requires a Plaintiff to exhaust her administrative remedies before filing suit. *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021). Exhaustion requires the Plaintiff to have filed an administrative charge, "in writing and signed and . . . verified[,]" within 300 days of the discriminatory action. *Haynes v. Level 3 Communs.*, 456 F.3d 1215, 1222 (10th Cit. 2006); 29 C.F.R. § 1601.9 (2023). Defendants urge the court to deny Plaintiff leave to

add ADA claims based on futility, arguing she "failed to exhaust her administrative remedies." ECF No. 26, at 3. This argument boils down to the fact that her amended complaint failed to "specifically allege that [she] verified her charge of discrimination" before the EEOC issued her Notice of Right to Sue. Plaintiff's reply brief insists she did, in fact, file her "timely charge of discrimination[] under penalty of perjury[.]" ECF No. 30, at 2.

Plaintiff will bear the burden to prove each element of her ADA claims, including her alleged exhaustion of administrative remedies. *See* 29 C.F.R. § 1601.9. But Sportsman's argument is premature because a motion for leave to amend turns on pleadings, not evidence. It would have been helpful if Plaintiff had attached her charge of discrimination and notice of right to sue as exhibits to her proposed amended complaint. Yet Defendants have not identified any authority suggesting her failure to do so constitutes a basis to deny her motion. And Plaintiff's proposed amended complaint does specifically allege that she exhausted her administrative remedies by filing a charge with the EEOC in which she alleged that Defendants had discriminated against her on the basis of disability in violation of the ADA. ECF No. 21-2, at 10-11. Therefore, the court will not deny Plaintiff leave to amend on the basis that she failed to exhaust administrative remedies.

### B. The Court Denies Plaintiff's Motion for Leave to Restate Her IIED and NIED Claims Because Both Claims are Preempted by the Utah Antidiscrimination Act

Plaintiff seeks leave to restate her IIED and NIED claims. ECF No. 21-2. Plaintiff's motion is futile because her IIED and NIED claims are preempted by the Utah Antidiscrimination Act ("UADA"). The UADA preempted the field of employment discrimination law in Utah, replacing "all common law remedies for employment discrimination." *Gottling v. P.R. Inc.*, 61 P.3d 989, 991-95 (Utah 2002). A tort claim is

6

preempted by the UADA if employment discrimination or retaliation is an "indispensable element" of the tort, *Retherford v. AT&T Communs.*, 844 P.2d 949, 963 (Utah 1992), such as when a tort action seeks a remedy for "discrimination, retaliation, or harassment by an employer" based on a protected class characteristic, *Gottling*, 61 P.3d at 990.

Plaintiff's reply brief summarily asserts that discrimination is not an indispensable element of any of her tort claims. ECF No. 30, at 6. But after reviewing Plaintiff's statement of her IIED and NIED claims in her proposed amended complaint, the court disagrees. *See* ECF No. 21-2, ¶¶ 225, 238 ("Defendants owed a duty of care to Plaintiff to refrain from engaging in harassing and/or discriminatory behaviors and actions[.]"); ¶ 226 ("Defendants intentionally inflicted emotional distress upon Cluff by engaging in harassing, discriminatory, and retaliatory behavior[.]"); ¶ 240 ("Defendants, in engaging in harassing, discriminatory, and retaliatory behavior . . . breached the duty of care it owed Plaintiff."); *see also Giddings v. Utah Transit Auth.*, 107 F. Supp. 3d 1205, 1212 (D. Utah 2015). These claims plainly require proof of "discrimination, retaliation, or harassment by an employer" and are thus preempted by the UADA. *Gottling*, 61 P.3d at 990. The court therefore denies Plaintiff leave to amend her complaint to restate these claims due to UADA preemption.[2]

### C. The Court Grants Plaintiff's Motion for Leave to Add a Negligence Claim

Sportsman's argues it would be futile to grant Plaintiff leave to add a negligence claim because such a claim would be preempted by the UADA, FMLA, and UWCA. The court disagrees and grants Plaintiff leave to bring this claim.

---

[2] Sportsman's briefing also contends Plaintiff's IIED and NIED claims are preempted by the UWCA and the FMLA. ECF No. 26. The court does not address these issues because it is sufficient to state that these claims are preempted by the UADA.

*1 – UADA Preemption*

Sportsman's argues the negligence claim alleged in Plaintiff's proposed amended complaint is preempted by the UADA because it is "indisputably" pled as a "failure to accommodate discrimination claim based on disability[.]" ECF No. 26, at 9. But Plaintiff's amended complaint appears to state a negligence cause of action arising out of Defendants' alleged interference under the FMLA, not a disability accommodation issue. *See* ECF No. 21-2, ¶¶ 217-18 ("Defendants owed Cluff a duty of care to take Cluff serious when she told Defendants she needed to take leave for her serious medical condition. Defendants breached this duty when they . . . ignored Cluff's repeated requests for leave[.]"); ¶ 220 ("Defendants' conduct was . . . done . . . in reckless disregard for Cluff's rights under the FMLA."); ¶ 222 ("Due to Defendants' interference with Cluff's right to take leave under the FMLA, . . . ."). Because the court does not find employment discrimination to be an indispensable element of Plaintiff's negligence claim, this claim is not preempted by the UADA. The court will not deny Plaintiff leave to add her negligence claim on this basis.

*2 – FMLA Preemption*

Sportsman's insists Plaintiff's tort claims are "merely FMLA retaliation claims veiled as tort claims" and are therefore preempted by the FMLA. ECF No. 26. The court disagrees. Although Plaintiff's negligence claim relies on the same underlying facts as her FMLA claims, district courts in the Tenth Circuit have landed on both sides of the issue of FMLA preemption in similar cases. *Compare Lucero v. Safeway, Inc.*, No. 20-cv-03792-MEH, 2022 U.S. Dist. LEXIS 3794, at *26-27 (D. Colo. Jan. 7, 2022) (analogizing an FMLA-related negligence claim to an FMLA-related § 1983 claim, which is preempted by the FMLA's exclusive remedy provision) *with Aldridge v. Indian Elec. Coop.*, No. 07-CV-633-HDC-PJC, 2008 U.S. Dist. LEXIS 31899,

8

at *8-13 (N.D. Okla. Apr. 17, 2008) (analogizing an FMLA-related negligence claim to an FMLA-related Title VII claim, which is *not* preempted by the FMLA's exclusive remedy provision). At the motion for leave to amend stage, the court will not deny Plaintiff leave to add her negligence claim based on such mixed authority regarding FMLA preemption.

    *3 – UWCA Preemption*

Sportsman's insists Plaintiff's tort claims are preempted by the UWCA, which is intended to be the "exclusive remedy an employee has against an employer for any injury incurred by the employee arising out of his employment." *Matthews v. Kennecott Utah Copper Corp.*, 54 F. Supp. 2d 1067, 1076 (D. Utah 1999) (citing Utah Code Ann. § 34A-2-105(1)). A tort claim is preempted by the UWCA only if the Act contains a provision to compensate that injury. *See, e.g., Mounteer v. Utah Power & Light Co.*, 823 P.2d 1055, 1057-59 (Utah 1991) (holding tort claims to recover for damage to reputation are not preempted by the UWCA, even if caused in the course of employment, because the UWCA does not compensate reputational injuries). The UWCA defines the injuries it makes compensable: "[a]n employee . . . who is injured . . . *by accident* arising out of and in the course of the employee's employment, wherever such injury occurred, *if the accident was not purposely self-inflicted*, shall be paid[] compensation[.]" Utah Code Ann. § 34A-2-401(1) (emphasis added).

The UWCA does not apply here because Plaintiff's injury was not an accident and was self-inflicted.[3] ECF No. ¶¶ 119-21, 125. Because her injuries are not compensable under the UWCA, her related negligence claim is not preempted by that Act. *See Crapo v. Indus. Comm'n*,

---

[3] Because the court resolves the issue of UWCA preemption on this basis, it does not address the parties' contentions regarding where Plaintiff's injury occurred, whether her injury arose out of her employment, or whether *Helf v. Chevron*'s "intent to injure" exception applies.

922 P.2d 39, 41 (Utah 1996) (holding than an employee's suicide attempt, even if caused by a workplace dispute, was not compensable under the UWCA because an intentional suicide attempt is not a work-related "accident").

Because the court concludes Plaintiff's negligence claim is not preempted by the UADA, FMLA, or UWCA, the court grants her motion for leave to amend to bring this claim.

### II. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants' motion to dismiss in part Plaintiff's original complaint remains pending. ECF No. 17. Because the court grants Plaintiff leave to amend her complaint, it denies Defendants' motion to dismiss her original complaint as moot. *See Poulsen v. Cache Valley Transit Dist.*, 1:18-CV-00110-DAK, 2019 U.S. Dist. LEXIS 15708, at *2 (D. Utah Jan. 30, 2019).

### CONCLUSION

Based on the reasoning above, the court grants Plaintiff's motion for leave to amend her complaint in part. Specifically, the court grants Plaintiff's motion for leave to dismiss her negligent supervision and retention claim, dismiss her claim for breach of the implied covenant of good faith and fair dealing, and dismiss Sportsman's Warehouse Development I, LLC and Sportsman's Warehouse Holdings, Inc. as Defendants. The court further grants Plaintiff's motion for leave to name Jason Stewart and Madelyn Gordon as Defendants; add ADA claims; add a negligence claim; and restate her FMLA claims. But due to futility of amendment, the court denies Plaintiff's motion for leave to restate her IIED and NIED claims. In light of these rulings, the court denies Sportsman's pending motion to dismiss her original complaint as moot.

**ORDER**

For the foregoing reasons, and consistent with this Memorandum Decision, Plaintiff's Motion for Leave to Amend (ECF No. 21) is **GRANTED** in part and **DENIED** in part. Defendants' Motion to Dismiss (ECF No. 17) is **DENIED** as moot. Plaintiff may file an amended complaint consistent with this Decision within thirty days of this Order.

DATED this 28th of September, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge